IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSEPH ZAPPIA and KAREN ZAPPIA, :
:
    Plaintiffs, :
:
v. : Civ. No. 21-1336-CFC
:
GTX INCORPORATED, :
:
    Defendant. :

## MEMORANDUM ORDER

At Wilmington this 14th day of June, 2022;

1.    On April 18, 2022, the Court entered an order giving Plaintiffs one final opportunity to respond to Defendant's motion to dismiss that was filed on February 15, 2022. (D.I. 11) Plaintiffs' response was due on or before May 18, 2022. Plaintiffs were warned that their failure to respond would be considered a failure to prosecute the case. (*Id.*) To date, Plaintiffs have not responded to the motion to dismiss and have provided no reason for their failure to do so.

2.    Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1330 (3d Cir. 1995). Plaintiffs were warned that their failure to respond to the motion to dismiss would be considered a failure to prosecute.

THEREFORE, IT IS ORDERED that:

1. Defendant's motion to dismiss is **DENIED** as moot. (D.I. 6)

2. The Complaint is **DISMISSED** without prejudice for Plaintiff's failure to prosecute this case.

3. The Clerk of Court is directed to **CLOSE** the case.

_____
Chief Judge